# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:23-cv-00747-MOC-DCK

| | | |
|---|---|---|
| **TONY WINSTON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **UNITED STATES POSTAL SERVICE**, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss. (Doc. No. 4).

Plaintiff filed a memorandum in opposition to Defendant's motion, (Doc. No. 7), and Defendant

filed a reply. (Doc. No. 8). This matter is now ripe for disposition.

## I.  Background

In early October 2019, Plaintiff—then employed by the United States Postal Service

("USPS") Mid-Carolinas District Post Office—was called into an investigative interview by his

supervisors. During the interview, Plaintiff was accused of time theft, grounds for automatic

termination. Plaintiff denied the allegation. After the interview, Plaintiff's supervisors sent him

home and indicated that notification regarding his return date would follow. In response, Plaintiff

asked his supervisors if he would receive paperwork to explain his situation. Plaintiff' supervisor

responded that no paperwork would be forthcoming because the USPS investigation was

ongoing.

Plaintiff's district union representative told Plaintiff to file a grievance against the Mid-

Carolinas District Post Office to enforce the two-week grievance process timeline. When

Plaintiff returned to the post office for a grievance form, a manager confronted Plaintiff and

1

intimated that Plaintiff was no longer employed by the USPS. Nonetheless, Plaintiff completed the grievance form and left it with the local shop representative.

Fifteen days after the investigative interview, Plaintiff contacted his employer's human resources department. The human resources department indicated that they could not address his situation until it had been reviewed by the Postmaster. Plaintiff immediately reached out to the Postmaster's office, who informed Plaintiff that the Postmaster or another manager would contact him no later than the following day.

Plaintiff did not make contact with the Postmaster until October 25, 2019, seven days after he initially called the Postmaster's office. The Postmaster told Plaintiff that he would contact Plaintiff's supervisors to collect more information. On October 30, the Postmaster told Plaintiff that he should expect to hear from his supervisors in the next 3-5 days.

The very next day, USPS allegedly served Plaintiff with a Notice of Termination. While it is undisputed that Plaintiff eventually learned of his termination, the date of service is subject to dispute. In November, Plaintiff's local shop representative indicated that Plaintiff's managers had decided to pay him for the past thirty days, and that Plaintiff could request payment for accumulated annual and sick leave.

In January 2020, Plaintiff filed an informal complaint with the National Equal Employment Opportunity Investigative Services Office (NEEOISO), alleging retaliation and harassment. Plaintiff's formal NEEOISO complaint followed that March, alleging retaliation and wrongful termination. In April, NEEOISO dismissed the complaint as untimely because Plaintiff initiated contact more than 45 days after the alleged discriminatory event. In June, the National Rural Letter Carriers Association informed Plaintiff that his claim was resolved, and that Plaintiff had exhausted his administrative remedies. Plaintiff was issued a right to sue letter.

In September of 2020, however, the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO") reversed USPS' dismissal of Plaintiff's complaint. The NEEOISO accepted the matter for investigation, and in January 2021 provided Plaintiff a report of investigation and advised him to either request a hearing before an EEOC Administrative Judge or a final agency decision on the merits without a hearing. Plaintiff requested and received a hearing.

In March 2022, EEOC Administrative Judge Kara Haden issued a decision granting summary judgment to the USPS. The following month, the USPS issued a Notice of Final Action implementing Administrative Judge Haden's decision. The Notice of Final Action, delivered April 9, 2022, included a section entitled "Right to File Civil Suit" advising Plaintiff that he could sue "in an appropriate U.S. District Court" within "90 calendar days of [his] receipt of the Postal Service's final decision." Plaintiff thus had until July 8, 2022, to sue in federal court.

On September 1, 2023, Plaintiff sued the USPS Mid-Carolinas District Post Office for wrongful termination under Title VII in North Carolina state court. The United States removed to this court in November 2023, and moved to dismiss in January 2024.

## II.     Applicable Law

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the sufficiency of the complaint by asking whether the Plaintiff "has stated a cognizable claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). Reviewing a 12(b)(6) motion, the Court must accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). That said, to survive Defendant's 12(b)(6) motion, Plaintiff's factual allegations "must be enough to raise a

right to relief above the speculative level," such that the complaint contains "enough facts to state a claim to relief that is plausible on its face. <u>Id.</u> at 570. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 555). Instead, a complaint survives only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." <u>Id.</u> at 679 (citations omitted).

While a Rule 12(b)(6) motion "generally cannot reach the merits of an affirmative defense," <u>id.</u>, the Fourth Circuit has made an exception for the statute of limitations. <u>United States v. Kivanc</u>, 714 F.3d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim."). Generally, to prevail on a statute of limitations defense on a motion to dismiss, "all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" <u>Robinson v. Am. Honda Motor Co., Inc.</u>, 551 F.3d 218, 222 (4th Cir. 2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, (2007)). There are, however, certain exceptions to this rule. One such exception concerns administrative records pertaining to EEOC administrative proceedings, which—even if not apparent on the face of the complaint—may be judicially noticed at the motion to dismiss stage. <u>Campbell v. Mayorkas</u>, No. 3:20-CV-697-MOC-DSC, 2021 WL 2210895, at *1 (W.D.N.C. June 1, 2021) (citing <u>Golden v. Mgmt. & Training Corp.</u>, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018)).[1] Additionally, the Court may consider "documents sufficiently referred to in the complaint so long as the authenticity of these documents is not

_____

[1] This exception accords with Rule 201 of the Federal Rules of Evidence, which permits the Court to take judicial notice of facts "not subject to reasonable dispute" such as official public records.

disputed." <u>Witthohn v. Fed. Ins. Co.</u>, 164 Fed. Appx. 395, 396 (4th Cir.2006) (per curiam); <u>Phillips v. LCI Int'l, Inc.</u>, 190 F.3d 609, 618 (4th Cir.1999).

### III.    Discussion

Defendant contends that Plaintiff's complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies. (Doc. No. 5 at 5). Specifically, Plaintiff received a Notice of Final Action from the USPS on April 9, 2022, requiring him to file federal suit within ninety days. Instead, Plaintiff filed in state court fourteen months after receiving the Notice.

For Title VII claims like this one, federal employees must exhaust administrative remedies before filing suit. <u>Pueschel v. United States</u>, 369 F.3d 345, 353 (4th Cir. 2004); <u>Stewart v. Iancu</u>, 912 F.3d 693, 699 (4th Cir. 2019). Federal employees who elect to sue must file "within 90 days of receipt of notice of final agency action." <u>Stewart</u>, 912 F.3d at 689. As a component of exhaustion, the ninety-day timeline must be adhered to for a former employee's Title VII suit to be proper. <u>Stewart</u>, 912 F.3d at 698. Suits filed beyond the ninety-day timeline fail to exhaust administrative remedies and are thus "subject to dismissal when the failure to exhaust is raised by the employer." <u>McLaughlin v. Barr</u>, No. 1:19cv318, 2020 WL 869914, at *3 (M.D.N.C. Feb. 21, 2020); <u>see</u> <u>Stewart v. Johnson</u>, 125 F. Supp. 3d 554, 562 (M.D.N.C. July 28, 2015); <u>Clark v. U.S. Postal Serv.</u>, No. 3:05 CVV 112, 2005 WL 1871160, at *4 (W.D.N.C. July 29, 2005).

The ninety-day exhaustion deadline thus functions as a statute of limitations, which Defendant raises as an affirmative defense that this Court may properly consider in in deciding Defendant's Rule 12(b)(6) motion. Moreover, in adjudicating Defendant's motion to dismiss, the Court may properly take notice of the administrative records pertaining to Plaintiff's EEOC proceedings, since they are official records referred to in Plaintiff's complaint. <u>Winegard v.</u>

Pasciolla, No. 1:11CV100, 2012 WL 112226, at *3 (W.D.N.C. Jan. 12, 2012) (citing Phillips, 190 F.3d at 618). Plaintiff admits that he received a Notice of Final Action in April 2022 instructing him that suit must be filed within ninety days in an appropriate federal district court. (Doc. No. 7 at 6). Plaintiff likewise admits that he "inadvertently" and "untimely" filed the matter in North Carolina state court more than ninety days after his receipt of the Notice of Final Action. (Id. at 7). Nonetheless, Plaintiff argues that "this case should not be dismissed on an exceptional basis." (Id.).

Thus, Plaintiff asks this Court to equitably toll the ninety-day exhaustion timeline. Plaintiff recognizes that tolling only applies in "extraordinary and carefully circumscribed instances" such as where "a claimant has received inadequate notice" or "a motion for appointment of counsel is pending, and equity would justify tolling the statutory period" or "where the court has led the plaintiff to believe that [he] has done everything required of [him]" or "affirmative misconduct on the part of defendant lulled the plaintiff into inaction." Mondy v. Sec. of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988) (emphasis added); see Lewis v. Norfolk S. Corp., 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990)). But Plaintiff does not argue that any of these circumstances are present here. Instead, Plaintiff's argument is reducible to two sentences: "Mr. Winston did, in the best way he could, diligently pursue this suit. As such, Defendant's Motion should be denied." (Doc. No. 7 at 8).

Defendant, by contrast, correctly notes that where—as here—there is no justification for equitable tolling, dismissal of the plaintiff's complaint is appropriate. See Hawkins v. Skinner, 908 F.2d 967 (4th Cir. 1990); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); Hazlegrove v. Colonial Pipeline Co., No. 3:18-CV-284, 2018 WL 6683030, at *1

(E.D. Va. Dec. 19, 2018). In the employment discrimination context, the Fourth Circuit has limited equitable tolling primarily to instances where an "employee's failure to timely file results from either a 'deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" Olson, 904 F.2d at 201 (quoting Price v. Litton Bus. Sys. Inc., 694 F.2d 963, 965 (4th Cir. 1982)). Plaintiff has made no such showing here.

Consequently, the Court will decline to toll the ninety-day exhaustion period. Because, as Plaintiff admits, his suit was untimely filed, the Court will grant Defendant's motion to dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED**, that Defendant's motion to dismiss (Doc. No. 4) is **GRANTED**. This matter is hereby **DISMISSED** with prejudice.

Signed: April 26, 2024

Max O. Cogburn Jr.
United States District Judge

7